**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50499 |
| Plaintiff - Appellee, | |
| v. | **MEMORANDUM**[*] |
| ALVARO MURILLO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 8, 2011[**]
Pasadena, California

Before:    TROTT, RYMER, Circuit Judges, and BEISTLINE,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    This panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

The facts of this case and the procedural history are known to the parties. Appellant appeals the United States District Court for the Central District of California's decision convicting Appellant on four charges. Appellant claims that the District Court committed two errors during the trial proceedings that warrant reversal: commenting on Appellant's guilt and vouching for all of the Government's cooperating witnesses. Despite not objecting to either alleged error, Appellant argues that both failures constitute plain error, and that this court should vacate Appellant's convictions and remand this case for a new trial. The court affirms the lower court's decision.

### Standard of Review

When a defendant fails to object to alleged judicial misconduct during a trial, such misconduct is reviewed for plain error. United States v. Morgan, 376 F.3d 1002, 1007 (9th Cir. 2004) (citing United States v. Springer, 51 F.3d 861, 864 n.1 (9th Cir. 1995)). Under Federal Rules of Criminal Procedure Rule 52(b), an appellate court can "recognize a 'plain error that affects substantial rights,' even if the claim of error was 'not brought' to the district court's 'attention.'" United States v. Marcus, _ U.S. _, 130 S. Ct. 2159, 2164 (2010) (quoting Puckett v. United States, _ U.S. _, 129 S. Ct. 1423, 1429 (2009)). Therefore, in order to succeed in proving the occurrence of plain error, an appellant must demonstrate

2

"that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. However, a reversal is only warranted "if permitting the convictions to stand would result in a miscarriage of justice." United States v. Fuchs, 218 F.3d 957, 963 (9th Cir. 2000).

**Discussion**

Appellant contends that the court stated that he was "obviously" guilty when the court commented on a witness's testimony. Appellant's contention, however, is merely a misreading of the record: The court did not comment on Appellant's guilt.

It is clear from reading the transcript of the hearing that the "he" in the court's statement was the witness, not Appellant. The court was merely describing its view on what the witness was doing in answering the Government's question of who was the witness's co-conspirator or possibly commenting on the witness's own admitted guilt. The court was seeking to prevent the witness from opining that Appellant was guilty in answering the Government's question. Appellant's argument fails.

3

Appellant's argument that the court's vouching for the Government's witnesses constitutes plain error likewise fails. The court's vouching did not constitute a structural error that would automatically fulfil the third prong of the "plain error" standard because such error was not serious or grave. Furthermore, the vouching did not affect Appellant's substantial rights because such vouching did not "affect the outcome of the district court proceedings." The court's numerous instructions to the jury concerning their role as the final fact finder in the case obviated any adverse impact the court's mild and isolated vouching could have caused. United States v. Sanchez-Lopez, 879 F.2d 541, 551-53 (9th Cir. 1989). Morever, the case was not close, as the evidence against Appellant was overwhelming. United States v. Frederick, 78 F.3d 1370, 1378-79 (9th Cir. 1996) (quoting United States v. Kerr, 981 F.2d 1050, 1054 (9th Cir. 1992)).

Additionally, the court's vouching did not seriously affect the judicial proceedings. Appellant fails to prove that such vouching affected the jury's verdict. Consequently, it would not be a "miscarriage of justice" for Appellant's conviction to stand due to the weight of the evidence against him and the myriad jury instructions given by the court. Fuchs, 218 F.3d at 963.

**Conclusion**

Appellant's plain error arguments fail. The decision of the lower court is

4

AFFIRMED.